Zimmerman, J.
The general power of governmental authorities to enact and enforce zoning legislation relating to structural and use restrictions on the owner of real estate within prescribed districts or zones is no longer an open question. Such legislation constitutes a deprivation for the public good of certain uses by owners of property to which their property might otherwise be put and should be given a fair and reasonable construction with due regard for the conflicting interests involved. An important question in all zoning cases is, does a zoning measure in its operative effect constitute a reasonable regulation of the use of property in the public interest, or does it constitute an unreasonable and arbitrary interference with the rights of private ownership?
Section 3180-18, General Code (Section 303.19, Revised Code), in the chapter entitled “County Rural Zoning,” provides in part that the lawful use of any land as existing and lawful at the time of the enactment of a zoning resolution may be continued, although such use does not conform with the provisions of such resolution.
Section XXI of the Franklin County zoning resolution contains a similar provision to the effect that use of any “lot” for a purpose not in conformity with the terms of such resolution at the time of its enactment may be continued. Such resolution also defines “lot” as a parcel of land which may include parts or a combination of lots when adjacent to one another, provided all such land is used for one improvement.
Briefly stated, appellant’s principal contention is that, under the evidence, all the 46.5 acres of land he owns in Perry Township must be treated as a unit — as one lot or parcel — and that, since preceding the enactment of the county zoning resolution certain of the land was being used in the quarrying and crushing of stone, under neither the statutes nor the zoning resolu *94 tion itself can such continuing use be restricted or denied as to any part of the land.
However, the trial court found, which finding was approved by the Court of Appeals, that as a matter of fact, evidenced by appellant’s own conduct over the years, his 46.5 acres comprise two distinct parcels of land, separated by U. S. Highway 33; that appellant had failed to establish a pre-existing use for quarrying purposes of the land lying east of U. S. Highway 33 before the enactment of the zoning resolution; and that appellant’s use of his land west of U. S. Highway 33 prior to the enactment of the zoning resolution did not entitle him to extend or expand such use for quarrying activities to his land east of that highway.
This court is not required to and does not weigh evidence in a case of the land presently before us. We have examined the bill of exceptions and are of the opinion that it contains evidence sufficient to support the findings and conclusions- of the two lower courts.
Although this court has not decided the precise question presented in the instant case, a number of recent cases from other jurisdictions are authority for the proposition that the owner of property who is lawfully using it in nonconformity with a zoning ordinance or resolution may not extend or expand such use in violation of the ordinance or resolution to a separate even though adjoining parcel of land. Chayt v. Board of Zoning Appeals, 177 Md., 426, 9 A. (2d), 747; Town of Burlington v. Dunn, 318 Mass., 216, 61 N. E. (2d), 243, 168 A. L. R., 1181, certiorari denied, 326 U. S., 739, 90 L. Ed., 441, 66 S. Ct., 51; Midland Park Coal & Lumber Co., Inc., v. Terhune, Bldg. Inspr., 136 N. J. Law, 442, 56 A. (2d), 717, affirmed 137 N. J. Law, 603, 61 A. (2d), 76; Struyk, Bldg. Inspr., v. Samuel Braen’s Sons, 17 N. J. Sup., 1, 85 A. (2d), 279, affirmed, 9 N. J., 294, 88 A. (2d), 201.
*95 We find no reversible error in the judgment of the Court of Appeals, and such judgment is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Stewart and Bell, JJ., concur.